

ENTERED

SEP - 6 1996

CLERK'S OFFICE U.S. DIST.
COURT, SO. DIST. OF W. VA.
RONALD D. LAWSON, CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

FREDERICK SHAWNEE CARTER,

Plaintiff,

v.                                            CIVIL ACTION NO. 5:96-0436

LEE JONES, Gauley Bridge
City Police Chief,

Defendant.


O R D E R

This case is pending before the Court for the purpose of case management.

By letter dated July 5, 1996, Michael E. Froble, Esq. of The Wooten Law Firm stated his intention to file a notice of appearance in this civil action.  By letter dated August 1, 1996, Mr. Froble advised the Court that he would not be representing Plaintiff. Plaintiff has continued to file documents with the Clerk pro se.

By letter received August 8, 1996, Plaintiff asked the Court to appoint counsel to represent him.  The appointment of counsel to represent pro se plaintiffs in civil actions is governed by 28 U.S.C. § 1915(d), which states, in pertinent part:  "[t]he court may request an attorney to represent any . . . person unable to employ counsel . . . ."

It is clear that Plaintiff has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court.  A denial of a plaintiff's request for appointment of counsel constitutes an abuse of the

court's discretion only if the plaintiff's case presents "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. Id. at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." Id.; Gordon v. Leeke, 574 F.2d 1147, 1173 (4th Cir. 1978).

From a review of the documents filed in this case to the present time, the court finds that Plaintiff has the capacity to present the claim, and that Plaintiff has a basic understanding of the legal procedures to be followed. If an evidentiary hearing is conducted, the court will reconsider the motions. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Appointment of Counsel is denied without prejudice. Plaintiff shall bear responsibility for prosecuting this civil action in compliance with the Federal Rules of Civil Procedure and applicable law.

Pending before the Court is Defendant's Motion to Take the Deposition of Plaintiff, an Incarcerated Person. Plaintiff has filed an Objection pro se. It appears to the Court that Plaintiff has been released from custody. For that reason, it is hereby **ORDERED** that the Motion is denied without prejudice.

Pending is Plaintiff's Motion to Extend Time to answer interrogatories. It is hereby **ORDERED** that the Motion is granted.

Plaintiff is directed to answer the interrogatories on or before September 20, 1996.

By letter received August 28, 1996, Plaintiff asked this Court to preserve records of the Fayette County Sheriff's Department, Circuit Court and Magistrate Court. It is hereby **ORDERED** that this Motion is denied. The public records of agencies of Fayette County are controlled by state law.

Plaintiff is directed to file only appropriate motions and pleadings and to file them with the Clerk, not the Court. He must attach a Certificate of Service which states that copies of the filed documents have been provided to counsel of record.

The Clerk is directed to mail copies of this Order to counsel of record by regular mail and to Plaintiff by certified mail, return receipt requested.

ENTER: September 6, 1996

Mary Stanley Feinberg
United States Magistrate Judge

3